# CASES

# SUPREME JUDICIAL COURT,

---

## JOHNSON *Judge vs.* AVERY *& al.*

One who had been appointed by the S. J. Court to sell real estate here, of a minor, resident in another State, on the petition of the guardian residing in the same State, and receiving his appointment there, is bound to pay over to such guardian the proceeds of said sale.

And where such person had placed the proceeds at interest, taking a note running to himself, which he refused to deliver over to the guardian or to pay the amount of it, though he had been cited into Probate Court for the purpose, it was held, that his bond was thereby forfeited, and that the guardian might institute a suit thereon, in the name of the Judge of Probate.

And this, notwithstanding there was no formal decree made by the Judge of Probate under the citation.

THIS action, which was debt on a Probate bond, instituted for the benefit of *Andrew P. Wiggin,* was submitted to the Court on the following agreed statement of facts.

*Andrew P. Wiggin,* of *Stratham,* in the County of *Rockingham,* and State of *New-Hampshire,* being the duly appointed guardian of *John H. Gilbert,* a minor under the age of fourteen years, also resident of *Stratham,* filed in the Probate Office, in the County of *Somerset,* a duly authenticated copy of the letter of guardianship issued from the Court of Probate in the State of *New-Hampshire,* and petitioned this Court for license to sell the real estate belonging to said minor, lying in this County, pursuant to *stat. of* 1821, *ch.* 52. On this petition, *July* term, 1828, the principal defendant, *Avery,* was appointed by the Court to make sale of said estate lying in this County; who thereupon by

virtue of said license, or authority, made sale of the same, the net proceeds amounting to $322, after having given bond in conformity to the provisions of the statute aforesaid, which is the bond now sued.

Immediately after the sale, the defendant put out and secured on interest for said minor, the amount aforesaid, taking a note in his own name, which note remained unpaid at the time of the trial.

It was further agreed, that *Avery,* prior to the commencement of this action, was cited to appear before the Probate Court in this County on the application of *Wiggin,* the guardian, to account for, and pay over, the proceeds of said real estate in his hands. That *Avery* accordingly appeared at said Court, and exhibited said note, but refused to deliver up the same, or to pay the amount thereof to *Wiggin.*

If on this statement, the Court should be of opinion, that the said *Avery* was bound by law to pay the money, or deliver up the note to *Wiggin,* or that the action could be sustained, the defendants were to be defaulted, otherwise, the plaintiff was to become nonsuit.

*J. Williamson,* for the defendant.

1. The guardian deriving his authority, as he does, from a foreign State, has no right to claim the note in question, running to the trustee, under any circumstances. A guardian in another State, has no more power to institute suits in this State, than an administrator has. Both derive their authority from the same source, and give bonds to the Judge of Probate. That a foreign administrator can neither *sue,* nor *be sued,* in that capacity, in the Courts of this State, cite *Goodwin* v. *Jones,* 3 *Mass.* 514; *Holyoke* v. *Haskins,* 5 *Pick.* 25. Nor can he assign a mortgage, or do any other legal act, in such capacity. *Cutter* v. *Davenport,* 1 *Pick.* 81.

If a guardian, from *New-Hampshire,* were authorised to bring suits here, then there might be two or more guardians in this State, deriving their authority from different sources. *Haven* v. *Foster,* 9 *Pick.* 134.

The certificate of the guardian's appointment in *New-Hampshire,* confers no authority beyond that of making application for

license to some one to sell. Such a certificate could confer no power to maintain suits here, either by an administrator or guardian, in such capacities. They must first give bonds in this State. *Fay Judge* v. *Richardson*, 7 *Pick.* 91.

2. But if *Wiggin* had derived his appointment from the authority of this State, he has not taken those preliminary steps, which the law requires, to enable him to maintain this suit. *Avery* was cited before the Judge, but there was no decree, nor any adjustment of his claim for services. The citation before the Judge was a nullity without a decree. *Dawes Judge* v. *Bell*, 4 *Mass.* 106.

By the laws of *Maine, ch.* 470, *sec.* 2, the Judge of Probate is authorised to allow administrators, guardians, and *trustees,* their travel and attendance to Probate Court, and a commission of five per cent. on the personal assets that may come into their hands. *Avery*, the trustee then, had a lien upon the note, at least, till the Judge of Probate had settled his account, or until the guardian had paid his fees.

The object of selling the minor's estate, was to secure the money at interest, and for no other purpose, see *Maine Stat. ch.* 52, *sec.* 7. There is no pretence that the guardian wants the money to clothe, feed, and educate the minor. The object of the law is complied with ; the proceeds of the sale are on interest, for the benefit of the minor, and any other disposition of them would defeat this very salutary provision of the law.

*H. O. Alden*, for the plaintiff.

The opinion of the Court was delivered by

MELLEN C. J.—The license to sell was regularly granted, on the application of *Wiggin*, the guardian. *Avery* was appointed, as a suitable person to sell and convey the estate, probably on account of his residence near it ; and though he placed the proceeds of the sale on interest, for the benefit of the minor, and took security for the same in his own name, still he did not, by so doing, acquire a right to control the security, or the amount of sales, according to his pleasure. He contends, that as an administrator, appointed in *New-Hampshire*, cannot institute and pursue actions in this State, in virtue of such appointment, for as

good reasons a guardian cannot: *such* guardian, however, may obtain license to sell the minor's real estate, situated here, as was done in the present case; and the very design of the law in requiring a bond to be given to the Judge of Probate, of the county in which the real estate to be sold is situated, will in this manner be accomplished. This action is not brought by the guardian, but by the Judge who received the bond for the benefit of the minor and his guardian. Of what use is the bond, if the obligee cannot maintain an action upon it?

Again, the defendant contends that this action was prematurely brought, no decree of the Judge having been made in respect to the proceeds of the sale, and the security taken, and the claims of the defendant, for his services under the appointment of the Court. Whose fault is this? Why did he not appear on the citation, and have his claims adjusted and allowed? If no action can be sustained on the bond till this shall have been done, the defendant may never present his claims, or account for the proceeds of the sale. By the condition of his bond, the defendant is bound to "account for, and make payment of, the proceeds of said sale, agreeably to the rules of law." By law he is to account to the guardian, on whose application the sale was made, under the direction of the Judge of Probate to whom the bond was given. He has been cited so to do, and he has refused; and his refusal is a breach of the condition, for which he stands chargeable. Still the defendant objects that the guardian has no occasion for the money, to clothe, feed, or educate the minor, and that there is no assignable cause why the money or the security should now be demanded. It is not for the defendant to ask why the money should be demanded so soon, nor for the Court to answer such a question. The condition of the bond is very plain, and the defendant must comply with the terms of it. There is no foundation for the defence. A default must be entered and judgment thereon for the penalty of the bond, *viz:* three hundred and thirty dollars.